# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| PREFERRED APARTMENT | : COMPLAINT FOR VIOLATION OF THE |
| COMMUNITIES, INC., JOEL T. MURPHY, | : SECURITIES EXCHANGE ACT OF 1934 |
| HOWARD A. MCLURE, STEVE | : |
| BARTKOWSKI, JOHN M. CANNON, | : |
| GARY B. COURSEY, SARA J. FINLEY, | : |
| DAPHNE B. JACKSON, and TIMOTHY A. | : |
| PETERSON, | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On February 16, 2022, Preferred Apartment Communities, Inc. ("PAC" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Pike Parent LLC ("Parent"), Pike Merger Sub I LLC ("Merger Sub I"), Pike Merger Sub II LLC ("Merger Sub II"), Pike Merger Sub III LLC ("Merger Sub III") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, PAC's stockholders will receive $25.00 in cash per share.

3. On April 14, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of PAC common stock. Plaintiff resides in this District.

9.      Defendant PAC is a Maryland corporation. PAC's common stock is traded on the New York Stock Exchange under the ticker symbol "APTS."

10.      Defendant Joel T. Murphy is Chairman of the Board of Directors of PAC (the "Board").

11.      Defendant Howard A. McLure is a member of the Board.

12. Defendant Steve Bartkowski is a member of the Board.

13. Defendant John M. Cannon is a member of the Board.

14. Defendant Gary B. Coursey is a member of the Board.

15. Defendant Sara J. Finley is a member of the Board.

16. Defendant Daphne B. Jackson is a member of the Board.

17. Defendant Timothy A. Peterson is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. PAC is a real estate investment trust engaged primarily in the ownership and operation of Class A multifamily properties, with select investments in grocery anchored shopping centers.

20. On February 16, 2022, PAC entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Preferred Apartment Communities (NYSE: APTS) ("PAC" or the "Company") today announced that it has entered into a definitive agreement with Blackstone Real Estate Income Trust, Inc. ("BREIT"), under which BREIT will acquire all outstanding shares of common stock of PAC for $25.00 per share in an all-cash transaction valued at approximately $5.8 billion.

Under the terms of the agreement, BREIT will acquire PAC, which includes 44 high-quality multifamily communities totaling approximately 12,000 units concentrated largely in Atlanta, Orlando, Tampa, Jacksonville, Charlotte and Nashville, and 54 grocery-anchored retail assets comprising approximately six million square feet located mostly in Atlanta, Orlando, Nashville and Raleigh. BREIT will also acquire the Company's two Sun Belt office properties and 10 mezzanine / preferred equity investments collateralized by under construction and newly-built multifamily assets.

Joel T. Murphy, PAC's Chairman and Chief Executive Officer, said, "This transaction is an excellent outcome for our stockholders and the culmination of the

hard work our first-class team has done over the past few years to simplify and refocus our portfolio."

Howard A. McLure, PAC's Lead Independent Director, added, "Our focus from the outset has been on delivering the best possible outcome for all our stockholders. I would like to thank our entire Board, our team of outside advisors and the PAC management team for their collective efforts in bringing about this result."

Jacob Werner, Co-Head of Americas Acquisitions for Blackstone Real Estate, said, "We are pleased to acquire Preferred Apartment Communities and its portfolio of high-quality multifamily assets in key Sun Belt markets, which represents a significant majority of the Company's value. Investing using BREIT's perpetual capital will enable us to be long-term owners of these vibrant communities. The Company's grocery anchored retail portfolio performance has also been strong and resilient, and we believe these types of necessity-oriented assets located in areas with growing populations are well-positioned for continued growth."

Werner continued, "The Company has a terrific property management and operations team that shares our commitment to being best-in-class owners. They have deep relationships and real estate expertise within the Sun Belt region, and we look forward to working closely with them to grow the business and continue to deliver a great experience for residents and tenants."

The purchase price represents a premium of approximately 39% over the unaffected closing stock price on February 9, 2022, the date prior to a media article reporting that the Company was exploring strategic options including a sale, and a premium of approximately 60% to the 90-day volume-weighted average price through that date.

**Transaction Terms, Timing and Approvals**

The holders of each series of PAC's preferred stock will receive the $1,000 per share liquidation preference for each share plus accrued but unpaid dividends. Subject to and upon completion of the transaction, PAC's common stock will no longer be listed on the New York Stock Exchange, and PAC will be owned by BREIT.

The transaction has been unanimously approved by PAC's Board of Directors and is expected to close in the second quarter of 2022, subject to approval by PAC's stockholders and other customary closing conditions. The merger agreement also includes a 30-day "go-shop" period that will expire on March 18, 2022. There can be no assurance that this process will result in a superior proposal, and PAC does not intend to disclose developments with respect to the go-shop process unless and until it determines such disclosure is appropriate or is otherwise required.

**Advisors**

Jones Lang LaSalle Limited, BofA Securities, Lazard Frères & Co. LLC and Wells Fargo Securities LLC are serving as BREIT's financial advisors, and Simpson Thacher & Bartlett LLP is acting as BREIT's legal counsel.

Goldman Sachs & Co. LLC is serving as PAC's lead financial advisor. KeyBanc Capital Markets, Inc., is also serving as financial advisor to PAC. King & Spalding LLP and Vinson & Elkins LLP are serving as the Company's legal counsel.

22. On April 14, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

23. The Proxy fails to disclose material information regarding PAC's financial projections, specifically: the line items underlying the financial projections.

Financial Analyses

24. The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs").

25. Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the projected Core FFO utilized by Goldman Sachs; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Goldman Sachs.

26. Regarding Goldman Sachs' Illustrative Levered Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the cash flows utilized by Goldman Sachs; (ii) the terminal values utilized by Goldman Sachs; (iii) the inputs and assumptions underlying the discount rates, perpetuity growth rates, and multiples utilized by Goldman Sachs; and (iv) the number of fully-diluted shares utilized by Goldman Sachs.

27. Regarding Goldman Sachs' Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Goldman Sachs; and (ii) the premia paid in the transactions utilized by Goldman Sachs.

### Background of the Proposed Merger

28. The Proxy fails to disclose whether PAC signed any NDAs containing don't ask don't waive provisions.

### COUNT I

**Claim Against the Individual Defendants and PAC for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31. PAC is liable as the issuer of these statements.

32. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

33. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

36. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

37. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of PAC within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41. Due to their positions as officers and/or directors of PAC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

45. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 20, 2022　　　　　　　　　　**GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

9